UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILTON LILLY and DONALD GROGAN, on behalf of themselves and a class of persons similarly situated,<br><br>           Plaintiffs,<br><br>      vs.<br><br>ONEIDA LTD. EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE et al.,<br><br>           Defendants. | Case No.  6:07-cv-00340 (NPM/ATB) |

## ORDER AND FINAL JUDGMENT

This Action involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), set forth in the Second Amended Class Action Complaint for Violations of the Employee Retirement Income Security Act of 1974 ("Complaint") dated July 11, 2007, with respect to the Oneida Ltd. Employee Stock Ownership Plan (the "Plan").[1]

This matter came before the Court for a hearing pursuant to Federal Rule of Civil Procedure 23 (e) and the Preliminary Approval Order of this Court dated June 15, 2010, on the application of the Parties for preliminary approval of the Settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement"), executed on June 4, 2010, on behalf of the Parties.  Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered the Settlement Agreement, all

---

[1]  Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement.

papers filed and proceedings held herein, and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this class action (the "Action") and over all Parties to the Action, including all members of the Settlement Class.

2. On June 15, 2010, this Court preliminarily certified a Class in this action, comprised of the following:

> All Persons, and their Successors-In-Interest, except as expressly excluded herein, who were participants in or beneficiaries of the Plan at any time between May 28, 2003 and March 20, 2006 (the "Class Period") and whose Plan account included investments in Oneida stock during the Class Period. The "Settlement Class" shall not include any of the Defendants, or any of the Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest who themselves were participants in the Plan, who shall be considered members of the Settlement Class with respect to their own Plan accounts.

3. On or about August 5, 2010, approximately 1,414 copies of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Class Notice") were mailed to Settlement Class members' last known addresses, as reflected in defendants' business records, by first-class mail, postage prepaid.

4. On August 5, 2010, a copy of the Summary Notice of Proposed Class Action Settlement and Fairness Hearing ("Summary Notice") was first published on www.kellersettlements.com and has remained available on that website to date.

5. The Class Notice and the Summary Notice (collectively, the "Class Notices") fairly, accurately, and neutrally described the Settlement Agreement, including the Released Claims, the Released Parties, the Settlement Fund, the Plan of Allocation, and the Settlement Class members. In addition, they provided information about the Fairness Hearing date, Settlement Class members' rights with respect to the Settlement, including the right to object to

the Settlement, and/or the application for an award of attorneys' fees and reimbursement of expenses, and/or the application for case contribution awards for the Named Plaintiffs (and deadlines and procedures for objecting), and the procedure to receive additional information.

6. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Class Notices and notice methodology were (a) reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections; and (b) met all applicable requirements of the Federal Rules of Civil Procedure, due process, and any other applicable law.

7. The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of New York, and any other applicable laws have been met as to the Settlement Class defined below, in that:

    a) The members of the Settlement Class are ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

    b) Based on allegations in the Complaint and other pleadings before the Court, there are one or more questions of fact and/or law common to the Settlement Class;

    c) Based on allegations in the Complaint and other pleadings before the Court that the Defendants engaged in conduct affecting members of the Settlement Class in a uniform manner, the claims of the Named Plaintiffs are typical of the claims of the members of the Settlement Class;

    d) The Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiffs and the nature of their

alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex litigations, including ERISA class actions;

e) Named Plaintiffs' Counsel have fairly and adequately represented the interests of the Settlement Class. Named Plaintiffs' Counsel have done substantial work to identify, investigate, and prosecute the claims in this action. Named Plaintiffs' Counsel have researched and prepared a detailed and thorough Complaint, vigorously and successfully defended against Defendants' efforts to dismiss the Complaint, conducted written discovery, consulted with experts, and engaged in hard-fought, arm's-length and ultimately successful negotiations with Defendants, with the assistance of an experienced mediator. Named Plaintiffs' Counsel have substantial experience in handling class actions, other complex litigation, and claims of the type asserted in this Action. Named Plaintiffs' Counsel are knowledgeable of the applicable law and have committed the necessary resources to represent the Settlement Class.

f) The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and

g) The prosecution of separate actions by individual members of the Settlement Class would create the risk of adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other

members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

8. Based on the findings set forth above, the Court retains certification of the preliminarily certified Class as to all Released Claims under *Fed. R. Civ. P.* 23(b)(1) (the "Settlement Class"). The Settlement Class is defined as:

> All Persons, and their Successors-In-Interest, except as expressly excluded herein, who were participants in or beneficiaries of the Plan at any time between May 28, 2003 and March 20, 2006 (the "Class Period") and whose Plan account included investments in Oneida stock during the Class Period. The "Settlement Class" shall not include any of the Defendants, or any of the Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest who themselves were participants in the Plan, who shall be considered members of the Settlement Class with respect to their own Plan accounts.

9. The Court appoints Named Plaintiffs as the class representatives for the Settlement Class, and Keller Rohrback L.L.P. as counsel for the Settlement Class.

10. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. Named Plaintiffs' Counsel and Defendants' Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

11. The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the Settlement Class based upon: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater

judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

12. The Court finds that the Settlement is fair, just, reasonable, and adequate as to each member of the Settlement Class, and that the Settlement Agreement, and the Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to implement its terms.

13. Upon the Effective Date of the Settlement, the Named Plaintiffs, on behalf of themselves, the Plan[2] and the Settlement Class, shall be deemed to have, and by operation of the judgment shall have, absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims and all members of the Settlement Class are accordingly forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

14. The Action and all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs and the Settlement Class members against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

15. The Plan of Allocation is approved as fair, adequate, and reasonable. Upon or after the Effective Date of the Settlement, Named Plaintiffs' Counsel shall direct the Financial

---

[2] ~~Pursuant to Section 2.2 of the Settlement Agreement, an Independent Fiduciary has reviewed the Settlement Agreement on behalf of the Plan for fairness and has agreed in writing, in consideration of the terms of the Settlement Agreement, to grant, effective upon the entry of the Final Order by the Court, releases of the Releasees, which such releases: (i) shall release the same claims as to the Releasees as set forth in Article 3 of the Settlement Agreement; and (ii) shall be determined by the Independent Fiduciary to meet the requirements of Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632. *See* Settlement Agreement § 2.2.2.~~   NPM

6

Per agreement of Counsel in open court on October 4, 2010, the written report of the Independent Fiduciary is waived by the parties and Footnote 2 above is ordered stricken.  Signed: Judge McCurn, 10/4/2010

Institution to deposit the Net Proceeds with the Trustee for allocation and distribution to or for the benefit of members of the Settlement Class in accordance with the Plan of Allocation. The Court finds that the Trustee's allocation and distribution of the Net Proceeds in accordance with the Plan of Allocation to be "restorative payments" within the meaning of Revenue Ruling 2002-45. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment.

16. In accordance with Section 11 of the Settlement Agreement, Named Plaintiffs' Counsel is hereby awarded attorneys' fees pursuant to *Fed R. Civ. P.* 23(h) in the amount of $555,000.00, which the Court finds to be fair and reasonable, and $55,965.06 in reimbursement of Named Plaintiffs' Counsels' reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate the Settlement Fund earns. All attorneys' fees and expenses paid to Named Plaintiffs' Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement. Any modification or change in the attorneys' fees and expenses awarded in accordance with the Settlement Agreement that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17. In accordance with Section 11 of the Settlement Agreement, Named Plaintiffs Milton Lilly and Donald Grogan are each hereby awarded a case contribution award in the amount of $2,500, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate the Settlement Fund earns. Any modification or change in the case contribution awards awarded in accordance with the Settlement Agreement

that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

    18.    In making the case contribution awards and the award of attorneys' fees and reimbursement of expenses, which are to be paid in accordance with the Settlement Agreement and from the Settlement Fund, the Court has considered and found that:

    a)  The Settlement achieved as a result of the efforts of Named Plaintiffs' Counsel has created a fund of $1,850,000.00 in cash that is already on deposit, plus interest thereon, and will benefit over one thousand Settlement Class members;

    b)  Approximately 1,416 copies of the Class Notice were disseminated to Settlement Class members indicating that Named Plaintiffs' Counsel were moving for attorney's fees in the amount of up to 30 percent of the Settlement Fund and for reimbursement of expenses;

    c)  Named Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    d)  The Action involved complex factual and legal issues and, in the absence of a settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    e)  Had Named Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Named Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

    f)  The amount of the case contribution award and the attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases;

g) Named Plaintiffs' Counsel and their local counsel have expended more than 2,662 hours, with a lodestar value of $1,271,727.00, to achieve the Settlement; and

h) Named Plaintiffs rendered valuable service to the Plan and to all the Plan's participants and beneficiaries. Without their participation, there would have been no case and no settlement.

19. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any Action or proceeding for any purposes, except: (a) in an action or proceeding arising under this Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order; (b) in any action or proceeding where the Releases provided pursuant to this Settlement Agreement may serve as a bar to recovery; or (c) for purposes of determining a remedy in any action or proceeding to determine the availability, scope or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of this Action.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement, the Plan of Allocation, and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

21. Final Judgment shall be entered herein. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

22. In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Order and Final Judgment shall be rendered null and void and shall be vacated.

IT IS SO ORDERED:

9

_____
Neal P. McCurn
Senior United States District Judge
Dated: October 4, 2010
Syracuse, NY